**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | |
|---|---|
| **PAMELA HARVEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 5:05-0834** |
| | ) |
| **LINDA S. McMAHON,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

**M E M O R A N D U M   O P I N I O N**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Both parties have consented in writing to a decision by the United States Magistrate Judge. Neither party has filed briefs in the matter.

The Plaintiff, Pamela Harvey (hereinafter referred to as "Claimant"), filed an application for DIB on November 17, 2003, alleging disability as of September 30, 2003, due to four bulging discs in her lower back. (Tr. at 18, 79-81, 93.) The claim was denied initially and upon reconsideration. (Tr. at 56-58, 64-66.) On May 3, 2004, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 67.) A hearing was held on December 14, 2004, before the Honorable Arthur L. Conover. (Tr. at 33-53.) By decision dated February 25, 2005, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 17-26.) The ALJ's decision became the final decision of the Commissioner on August 29, 2005, when the Appeals Council denied Claimant's request for review. (Tr. at 5-9.) On October 17, 2005, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 416.920 (2006). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. § 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (2006). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in

the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 18.) Under the second inquiry, the ALJ found that Claimant suffered from disorders of the back and an affective disorder, which impairments the ALJ found were severe. (Tr. at 21.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 21.) The ALJ then found that Claimant had a residual functional capacity for performing a significant range of simple, routine work at the light level of exertion, with occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and no exposure to vibrations and temperature extremes of hot and cold. (Tr. at 23-24.) As a result, Claimant could not return to her past relevant work. (Tr. at 24.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ concluded that there were jobs existing in significant numbers in the regional and national economies which Claimant could perform such as a file clerk, mail room clerk, and cashier. (Tr. at 25.) On this basis, and within the framework of Medical-Vocational Rule 202.21 of the Medical-Vocational Guidelines ("the grids"), benefits were denied. (Tr. at 25-26.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d

3

640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v.Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals that the decision of the Commissioner in this case is supported by substantial evidence.

Claimant's Background

Claimant was born on September 25, 1964, and was 40 years old at the time of the administrative hearing. (Tr. at 18, 24, 38, 79.) Claimant had a twelfth grade, or high school education. (Tr. at 18, 40, 99, 242.) In the past, she worked as a painter and laborer. (Tr. at 18, 41, 50, 102-04.)

Claimant's Challenges to the Commissioner's Decision

Neither the Commissioner nor the Claimant filed briefs in this matter. However, Claimant stated in her Complaint that she has "more medical evidence which is I am scheduled for a permanent spinal cord stimulator implant with Dr. Kim on 10-19-05." (Doc. No. 1 at 1.) The Court notes that Claimant was not represented by counsel at any level of review and proceeds *pro se* in this appeal. As Claimant has not raised any other specific arguments at this level of review, the Court has additionally reviewed the entire record to see if it comports with the substantial evidence standard.

New Evidence.

Under the fourth sentence of 42 U.S.C. § 405(g), the court has the general power to affirm,

modify or reverse the decision of the Commissioner, with or without remanding the cause for rehearing for further development of the evidence. 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 97-98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991). Where there is new medical evidence, the court may remand under the sixth sentence of 42 U.S.C. § 405(g) based upon a finding that the new evidence is material and that good cause exists for the failure to previously offer the evidence. 42 U.S.C. § 405(g); Melkonyan, 501 U.S. at 98, 111 S.Ct. at 2163. The Supreme Court has explicitly stated that these are the only kinds of remand permitted under the statute. Melkonyan, 501 U.S. at 98, 111 S.Ct. at 2163.

To justify a remand to consider newly submitted medical evidence, the evidence must meet the requirements of 42 U.S.C. § 405(g) and Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).[5] In Borders, the Fourth Circuit held that newly discovered evidence may warrant a remand to the Commissioner if four prerequisites are met:  (1) the evidence is relevant to the determination of disability at the time the application was first filed and not simply cumulative; (2) the evidence is

---

[5] Within relevant case law, there is some disagreement as to whether 42 U.S.C. § 405(g) or the opinion in *Borders* provides the proper test in this circuit for remand of cases involving new evidence.  This court will apply the standard set forth in Borders in accordance with the reasoning previously expressed in this district:

> The court in *Wilkins v. Secretary of Dep't of Health & Human Servs.*, 925 F.2d 769 (4th Cir. 1991), suggested that the more stringent  Borders four-part inquiry is superseded by the standard in 42 U.S.C. 405(g).  The standard in § 405(g) allows for remand where "there is new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  However, Borders has not been expressly overruled.  Further, the Supreme Court of the United States has not suggested that *Borders*' construction of §  405(g) is incorrect.  Given the uncertainty as to the contours of the applicable test, the Court will apply the more stringent *Borders* inquiry.

*Brock v. Secretary, Health and Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D. W.Va. 1992) (citations omitted).

material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has presented to the remanding court "at least a general showing of the nature" of the newly discovered evidence. Id.

With regard to the new evidence submitted, the Claimant has not satisfied all four factors of Borders, and therefore, remand is inappropriate. Specifically, the Court finds that the evidence is somewhat cumulative and would not have altered the Commissioner's decision. The evidence of record indicates that a spinal cord stimulator generator was presented to Claimant as a pain relief option on April 5, 2004, by Dr. John H. Schmidt, III, M.D., pending further evaluation by pain management services. (Tr. at 20, 236.) During a pre-surgical psychological screening, however, to determine whether Claimant was a candidate for an intrathecal drug administration system, Jeffrey Boggess, Ph.D. and Lester Sargent, M.A. opined that she had "maladaptive coping strategies and behaviors that may be contributing to her level of perceived disability and subjective pain complaints." (Tr. at 20-21, 245.) Based on this opinion and the other evidence of record, the ALJ concluded that Claimant's subjective complaints of pain were not entirely credible. (Tr. at 22-23.) Other than the scheduling of the spinal cord stimulator implant procedure, there is no evidence to suggest that Claimant's pain worsened after the ALJ's decision. From January 14, 2003, through April 22, 2004, Claimant reported her pain on a scale of one to ten, as ranging from one to ten, most frequently at a level eight. (Tr. at 22-23, 160-81, 182, 184, 185, 234, 240.) Despite these levels of pain, Claimant testified at the administrative hearing that she was not taking pain medication. (Tr. at 23, 42.) Furthermore, there is no evidence to suggest that the spinal cord stimulator implant would cause, or did cause, any functional limitations. Clearly, the purpose of the procedure is to alleviate

6

pain symptoms, not limit Claimant's ability to perform light level work. Finally, the Court notes that Claimant submitted to the Appeals Council a letter dated April 25, 2005, confirming Claimant's appointment at Saint Francis Hospital on May 5, 2005, for evaluation of a spinal cord stimulator. (Tr. at 252.) Thus, the additional evidence was considered by the Appeals Council and made a part of the record. (Id.)

In view of the foregoing, the Court finds under the second step of the Borders analysis that the evidence is not material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him. The new evidence concerns another option to alleviate Claimant's pain but does not contradict or call into doubt the ALJ's decision. Rather, this evidence supports the evidence that was considered by the ALJ. Accordingly, remand to consider the additional evidence is not warranted because the additional evidence is neither new or material, nor conflicts, contradicts, or calls into doubt the ALJ's decision.

A review of the record reveals that the decision of the Commissioner is otherwise supported by substantial evidence. The ALJ thoroughly reviewed all of the medical evidence of record and considered the testimony of Claimant. (Tr. at 19-21, 22-23.) The ALJ also complied with the applicable Regulations and case law in determining that Claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment, that Claimant was not entirely credible regarding the severity of her pain and other symptoms, and that Claimant was limited to light work and could perform a significant number of jobs in the national economy despite her severe impairments. Therefore, after careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the final decision of the Commissioner is **AFFIRMED** and this

matter is **DISMISSED** from the Court's docket.

Plaintiff is advised that to initiate an appeal of this decision, she must file a Notice of Appeal in the District Court within 60 days of the entry of this Memorandum Opinion and Judgment Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

The Clerk of the Court is directed to file this Memorandum Opinion and mail copies of the same to counsel of record, and to Plaintiff, *pro se.*

ENTER: February 12, 2007.

R. Clarke VanDervort
United States Magistrate Judge